DUFRESNE, Judge.
Defendant, Mitchell Homes, Inc. (Mitchell) has appealed a judgment awarding judi *1235 cial interest on $82,900.00, the recision price of plaintiffs house from the date of filing the original petition.
This appeal arises from a quanti minoris suit brought by Bonnie and Briscoe Brown (Browns) against Mitchell (other defendants are unnamed as they are not parties to this appeal) seeking a reduction in the purchase price of their house, damages, attorney’s fees and costs.
After a trial on the merits, the court decided “the only equitable solution is for the court to avail itself of the provisions of Article 21 of the Louisiana Civil Code and Article 1154 of the Code of Civil Procedure”, and ordered a recision of the sale and restitution of the sale price of $82,-900.00. The judgment dated September 12, 1986, reads in pertinent part:
“Mitchell Homes is condemned to pay the Browns $82,900.00 ($72,900.00 credit sale — $10,000.00 down payment).
It is further ordered that there be judgment in favor of Bonnie Danjean, wife of/and Briscoe Brown against Mitchell Homes in the amount of $20,-000.00, plus $41,581.00 attorney fees and costs of experts, etc., with interest from the date of judicial demand and all costs of these proceedings.”
Subsequently, on January 20, 1987, the Browns filed a “Rule to Fix Interest”, in which they prayed for a show cause hearing, asking for Mitchell to be taxed for interest on $82,900.00 from the date of judicial demand. Mitchell responded by filing a rule to have the Browns show cause why they should not be ordered to mark the docket satisfied and cancel the inscription of their judgment from the mortgage records.
Hearing was held and the questions were whether interest was due on the recision price of $82,900.00 and, if so, when did it commence.
On April 24,1987, the trial court ruled as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the Motion to Mark the Judgment Satisfied as requested by Mitchell Homes is denied and Mitchell Homes is ordered to pay to Bonnie and Briscoe Brown, legal interest on the $82,-900.00 recision price from the date of filing the original petition until paid in full.” In its reasons for judgment the court concluded that “... legal interest is due on the recision price from the date of tender. The court considers that under these circumstances, tender occurred on the date of filing of the original petition.”
From this judgment Mitchell has appealed.
The central focus of this appeal is whether the trial court awarded legal interest on the return of the purchase price in the September 12, 1986 judgment.
Mitchell argues that the September 12, 1986, judgment was void of any award of legal interest and because the Browns failed to move for a new trial, nor file for an appeal, they are prohibited by law from any award of legal interest. Mitchell continued with its contention that as a matter of law, the judgment of April 24, 1987, could not change, correct, amend, or modify the judgment of September 12, 1986, to award legal interest.
Mitchell argues that the judgment of September 12, 1986, was no longer subject to adjudication, as it was final and could not be subsequently altered, corrected or amended by the trial court via a contradictory hearing. We disagree and find that Mitchell’s argument lacks merit.
In the court’s comprehensive and extensive Reasons for Judgment we are given guidance relative to the issue on appeal, wherein the court stated:
“Accordingly, let there be judgment in favor of the Browns and against Mitchell Homes ordering the recision of the sale, further awarding $20,000.00 as set forth herein, with interest from date of judicial demand and for costs and attorney fees in the amount of $41,581.00 for attorney fees and costs. Mitchell to pay all costs of the court.”
Although Reasons for Judgment form no part of the judgment and are not ordinarily considered, we are permitted to examine *1236 and review the trial court’s reasons in the context of the entire record and are justified to consider them when necessary to explain a judgment, which on its face might be lacking in clarity of intent. Succession of Delesdernier, 184 So.2d 37 (La.App. 4th Cir.1966). Our courts have continuously held that it is proper to consider the pleadings, subject matter of an action, reasons for judgment and other matters of record in order to arrive at an interpretation consistent with the proper decree on the facts and law presented. State Dept. of Transp. & Dev. v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1st Cir.1985).
We have concluded that legal interest was intended as part of the September 12, 1986 judgment and this interest was due on the return of the purchase price. The trial court’s April 24, 1987 judgment did not change the substance of the September 12, 1986 judgment; rather it merely interpreted its language to clarify the original ruling.
Mitchell argues that because this action was a “suit on quanti minoris”, the Browns’ entitlement to interest should commence upon the tender of the home to the builder. Furthermore, Mitchell contends that tender of the home was not addressed at trial, nor considered by the court. Consequently, no date was established to determine from which date legal interest was due, thus interest should not begin to run until the date of the judgment.
Again, we disagree with Mitchell’s argument and hold that legal interest was due from date of judicial demand. The trial court correctly transformed this quanti mi-noris action into an action to rescind, LSA-C.C. art. 21 and LSA-C.C.P. art. 1154, and as such legal interest was due from the date demand was made in the original petition.
Mitchell owed damages as the result of its delay in performance of an obligation to pay money. These damages are called accrued interest. Interest was due from the point where Mitchell was “put in default”, either by commencement of a lawsuit, tendering of the property, by demand in writing, or other methods established by law.
Because the amount due was ascertainable ($82,900.00) from date of demand, legal interest began to accrue from the date of filing the original petition. Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978); Sigsworth v. Gernon, 465 So.2d 705 (La.1985); and Land & Marine Services v. Diablo Data Systems, 471 So.2d 792 (La.App. 5th Cir.1985).
For the reasons assigned above, we affirm the decision of the trial court.

AFFIRMED